**SO ORDERED.**

**SIGNED this 04 day of June, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

COREY D. THOMPSON,                                     Case No. 07-01221-8-JRL

       Debtor.
_____

## ORDER

This case is before the court on the debtor's motion for turnover of property and motion for sanctions, pursuant to 11 U.S.C. § 362. On May 16, 2007, the court conducted a hearing on these matters in Wilmington, North Carolina.

The debtor moves the court for an order directing Barbour's Towing and Truck Repair ("Barbour's Towing") to turnover debtor's 1997 Freightliner FLD 120 64ST Tractor and for appropriate sanctions. On April 2, 2007, the debtor filed for relief under chapter 13. The debtor listed Barbour's Towing as a creditor for repairs done to the debtor's truck. On April 2, 2007, the debtor's counsel mailed and faxed a letter to Barbour's Towing notifying it of the debtor's bankruptcy filing and the effect of the automatic stay, pursuant to 11 U.S.C. § 362. The letter also requested that the debtor's truck be returned to the debtor.

At the hearing, Mr. Thompson testified that his vehicle suffered damage in March 2007

and it was taken to Barbour's Towing for repairs. On April 2, 2007, Mr. Thompson went to Barbour's Towing and was directed to speak with Anthony, the service manager, about his truck. Mr. Thompson told Anthony that he had recently filed bankruptcy, presented a copy of the letter provided by Mr. Thompson's counsel, and requested that his truck be turned over. Mr. Thompson was informed that his truck would not be released unless payment for the repairs was made in full. During that visit, Anthony allowed Mr. Thompson to inspect his truck, which was located on the property, and all the repairs had been completed. Mr. Thompson is currently using someone else's truck for work, but due to the additional expenses of using another person's truck the debtor lost $7000 of income.

      Marty Paulsen, an employee of Barbour's Towing, testified on behalf of Barbour's Towing. In addition to occasionally driving tow trucks, Mr. Paulsen takes care of seizure work, collection efforts, and filing unclaimed notices with the Department of Motor Vehicles ("DMV"). Mr. Paulsen stated that unclaimed notices are required to be filed with DMV when a vehicle is unclaimed. In this case, however, Mr. Paulsen was told to file an unclaimed notice with DMV prior to any collection efforts being attempted against Mr. Thompson. In response to the unclaimed notice, DMV purportedly contacted DaimlerChrysler, the lien holder on the truck, and informed it of the location of the truck. DaimlerChrysler then contacted Barbour's Towing and spoke with Mr. Paulsen. DaimlerChrysler took possession of the truck on April 11, 2007.

      During his testimony, Mr. Paulsen contended that the repair invoice said C2TK, not Corey Thompson, and that Barbour's Towing did not know they were one and the same. However, the movement order, which set forth the intention of DaimlerChrysler to take possession of the truck, clearly lists Corey Thompson in connection with the truck. This order

was faxed to Barbour's Towing on April 3, 2007. Additionally, a copy of the certificate of title, which also lists Corey Thompson as the owner of the truck, was faxed to Barbour's Towing on April 10, 2007. It is clear from these documents that Barbour's Towing knew prior to turning over the truck to DaimlerChrysler that Corey Thompson was the owner.

Based on the evidence, the court finds that Barbour's Towing willfully violated the automatic stay. Barbour's Towing refused to turnover the truck to Mr. Thompson after he filed bankruptcy. Furthermore, it took no action to have the automatic stay lifted to allow it to retain Mr. Thompson's truck or seek adequate protection for its claim. Instead, Barbour's Towing continued to hold property of the estate and then subsequently turned it over to DaimlerChrysler. Such actions constitute a willful violation of the automatic stay.

The debtor's motion for turnover is denied and his motion for sanctions is allowed. Barbour's Towing is no longer in possession of the property repossessed from the debtor; therefore, an order directing its turnover is moot.[1] However, in light of its willful violation of the automatic stay, Barbour's Towing is directed to pay sanctions in the amount of $7000 to the debtor and pay attorney's fees in the amount of $2500 to the debtor's attorney. Both payments must be paid within ten days from the date of this order, and both mailed to J. Allen Murphy, P.O. Drawer 888, New Bern, North Carolina 28563.

**"END OF DOCUMENT"**

---

[1] The clerk is directed to serve a copy of this order on DaimlerChrysler, who would be well-advised to either turn over the vehicle or move to lift the stay.